UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

    Plaintiff,                                        Case No. 1:13-cv-1133

v                                                     HON. JANET T. NEFF

INGHAM COUNTY JAIL, *et al.*,

    Defendants.

_____/

**OPINION AND ORDER**

Plaintiff initiated this prisoner civil rights action on October 15, 2013 (Dkt 1). On July 10, 2014, the defendants remaining in this case—Defendants Agueros, Hagerman, Johnson, Montimayor, Moore, and Shelly—moved for summary judgment (Dkt 26). On July 18, 2014, Plaintiff moved for summary judgment (Dkt 38). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, Dkt 54), recommending that the Court deny Plaintiff's motion and grant in part and deny in part Defendants' motion. The matter is presently before the Court on Defendants' objections to the Report and Recommendation (Dkt 55). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. For the following reasons, the Court denies the objections and issues this Opinion and Order.

In the Report and Recommendation, the Magistrate Judge analyzed Plaintiff's medication, failure to protect, retaliation, housing, exercise, and Fourteenth Amendment claims (R&R, Dkt 54 at 5-20). Defendants' objections challenge only the Magistrate Judge's analysis of Plaintiff's medication and exercise claims.

***Plaintiff's Medication Claim.*** Defendants make three arguments challenging the Magistrate Judge's analysis of Plaintiff's medication claim. First, Defendants argue that the Magistrate Judge erroneously emphasized that "Defendant Johnson ... failed to provide Plaintiff with his prescribed medications," when it is "immaterial who, among many possible jail staff personnel, delivered prescribed medication" (Objs., Dkt 55 at 4, quoting R&R, Dkt 54 at 2). Defendants' argument does not demonstrate any factual or legal error by the Magistrate Judge. The Court does not construe this sentence in the Magistrate Judge's background summary of Plaintiff's allegations as unnecessarily highlighting the actor over the alleged deprivation.

Second, Defendants argue that "merely because a doctor has prescribed some medication or treatment does not mean that variations in the precise time or administration constitute cruel and unusual punishment" (Objs., Dkt 55 at 4). And third, Defendants similarly opine that the Magistrate Judge "distorted" the controlling law (*id.* at 4-12). Defendants assert that Plaintiff "came forward with no evidence at all that his medications were not administered within the broad time parameters which the [Physicians' Desk Reference] or the manufacturer have established as appropriate, nor has Plaintiff adduced any qualified health provider opinion evidence that minor variations in time of administration were detrimental to his health in any way, shape or form" (*id.* at 7). According to Defendants, the Magistrate Judge's "assumption that Plaintiff's medications had to be administered on some unspecified rigid 'dot' of time in order for Defendants to defeat the objective component

2

of an Eighth Amendment claim is without a factual basis" (*id.*). Defendants further assert that the Magistrate Judge's "false assumption" is not only legally incorrect but also factually incorrect, as evidenced by multiple exhibits that Defendants assert the Magistrate Judge "ignored" (*id.* at 9-11).

Defendants' second and third arguments are simply misplaced. The Magistrate Judge addressed Plaintiff's medication claim in two parts: "Denial of Medications" (I.A) and "Providing Medication at the Incorrect Times" (I-B). In section I-B, "Providing Medication at the Incorrect Times," which is the topic of Defendants' second and third arguments, the Magistrate Judge indicated that "[w]here a prisoner alleges that a delay in medical treatment violates the Eighth Amendment, he 'must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment'" (R&R, Dkt 54 at 11, quoting *Napier v. Madison Cnty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001)). The Magistrate Judge determined that "Plaintiff has failed to present any such evidence" (*id.*). Therefore, with respect to Plaintiff's claim that Defendant Moore failed to provide his medications at the allotted time, the Magistrate Judge recommended that Plaintiff's motion for summary judgment be denied and Defendant Moore's motion for summary judgment be granted (*id.*).

***Plaintiff's Exercise Claim.*** Defendants also make three arguments challenging the Magistrate Judge's analysis of Plaintiff's exercise claim. First, Defendants argue that the Magistrate Judge "ignore[d] the rather important point that plaintiff has not identified any single date on which exercise was denied to him" (Objs., Dkt 55 at 13). Defendants' argument lacks merit. The Magistrate Judge did not ignore the character of Plaintiff's pleading. Rather, the Magistrate Judge observed that "the precise contours of Plaintiff's [exercise] claim are vague and difficult to discern" (R&R, Dkt 54 at 16). The Magistrate Judge noted, however, that Defendants opted not to move the

3

Court to compel Plaintiff to submit a more definite statement of this claim, and moreover, that Defendants claimed they were entitled to summary judgment because "the 8th Amendment itself imposes no such requirement" (*id.*, quoting Defs.' Br., Dkt 27 at 24).

Second, Defendants argue that the Magistrate Judge "fails to recognize that Plaintiff's claims of denial of exercise, such as they are, are predicated on unspecified 'state and federal laws' ... and utterly ignores the authority cited by defendants in support of summary judgment" (Objs, Dkt 55 at 13-14). This argument also lacks merit. As noted, the Magistrate Judge did not fail to recognize the character of Plaintiff's pleading. Neither did the Magistrate Judge ignore any relevant authority. The Magistrate Judge thoroughly and carefully considered application of the Eighth Amendment to Plaintiff's claim under relevant Supreme Court and Sixth Circuit precedent (R&R, Dkt 54 at 16-18).[1]

Third, Defendants argue that Plaintiff has not "claimed that he never got exercise time out of his cell, or that he was prohibited from leaving his cell to exercise, only that, whatever out of cell exercise time he enjoyed was not 'according to state and federal laws'" (Objs, Dkt 55 at 15). According to Defendants, Plaintiff "pleaded facts that are facially not cognizable under 42 USC § 1983" (*id.*). For the reasons stated in the Report and Recommendation, however, Defendants' argument lacks merit.

In sum, Defendants' arguments fail to demonstrate that a result other than the recommendation by the Magistrate Judge is warranted. Accordingly:

---

[1] Nearly the whole of Defendants' argument in support of dismissal of Plaintiff's exercise claim consisted of an excerpt from an unpublished decision issued by the Court of Appeals for the Seventh Circuit (Defs.' Br., Dkt 27 at 24-25, citing *Winger v. Pierce*, 521 F. App'x 569, 573-74 (7th Cir. 2013)).

**IT IS HEREBY ORDERED** that the Objections (Dkt 55) are DENIED, and the Report and Recommendation (Dkt 54) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt 38) is DENIED.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 26) is GRANTED IN PART and DENIED IN PART; specifically, Plaintiff's claims are DISMISSED save for the following two claims that are permitted to go forward: (1) from October 15, 2012 through October 7, 2013, Defendants Johnson, Moore, Agueros, Hagerman and Shelly failed to provide Plaintiff with his properly prescribed medications; and (2) from October 15, 2012 through October 7, 2013, Defendants Montimayor, Johnson, Agueros, Hagerman, Moore and Shelly improperly deprived Plaintiff of out-of-cell exercise or recreational opportunities.

Dated: September 24, 2015                /s/ Janet T. Neff
                                          JANET T. NEFF
                                          United States District Judge