UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

                Plaintiff,                                      Hon. Janet T. Neff

v.                                                     Case No. 1:13 CV 1133

INGHAM COUNTY JAIL, et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>.  (Dkt. #58).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **denied**.

## BACKGROUND

Plaintiff Gregory Hardy was incarcerated at the Ingham County Jail for various periods of time between October 15, 2012 and October 7, 2013.[1]  Plaintiff initiated this action against the Ingham County Jail (ICJ) and the following jail personnel:  Sheriff Gene L. Wriggelsworth; Deputies (unknown) Montimayor, D. Johnson, (unknown) Agueros and (unknown) Hagerman; Nurse Christina

---

[1] Plaintiff's allegations about the periods of his incarceration are less than clear.  It appears, however, that during the time period in question, Plaintiff served a jail sentence intermittently, in a series of weekend or longer periods.  Plaintiff does not appear to have identified every period during which he was jailed, but he has identified certain discrete periods of incarceration.  Plaintiff alleges that he reported to the jail on October 15, 2012, where he remained until October 22, 2012.  He returned to the jail on December 13, 2012, where he remained for an unspecified period.  He reported again on January 29, 2013, and he was released on February 8, 2013.  Plaintiff reported to the jail on September 25, 2013 and was released on an unspecified date.  Plaintiff re-entered the jail on October 3, 2013, and was released on October 7, 2013.

Moore; and Nurse Practitioner (unknown) Shelly.  The following allegations are contained in Plaintiff's complaint.  (Dkt. #1).

When Plaintiff arrived at the ICJ on October 15, 2012, he was taking two prescribed psychotropic medications: (1) Zoloft and (2) Seroquel.  Between October 15, 2012, and October 22, 2012, Defendant Johnson, on multiple occasions, failed to provide Plaintiff with his prescribed medications.  Plaintiff returned to the jail on December 13, 2012, after which Defendant Moore failed to regularly provide Plaintiff with his prescribed medications and, furthermore, failed to deliver Plaintiff's medications at the appropriate times.

When Plaintiff reported to the jail on January 29, 2013, he was placed in the same dormitory as prisoner Terrion Smith.  Plaintiff immediately told Defendant Montimayor that he feared for his safety.  Plaintiff informed Montimayor that Smith had assaulted him only a few months previously.  Montimayor instructed Plaintiff to "write a statement on a kite, so that his immediate supervisor would be made aware."  After reviewing Plaintiff's kite, jail officials concluded that Smith "would not be a danger to the plaintiff" and, therefore, declined to place Plaintiff and Smith in separate dormitories.  On February 1, 2013, Smith assaulted Plaintiff, hitting him in the head with a food tray.

On September 25, 2013, Plaintiff re-entered the jail, after which Defendants Moore, Agueros, and Hagerman conspired to deny Plaintiff his medications in retaliation for complaints Plaintiff previously made against Moore.  Plaintiff returned to the jail on October 3, 2013.  Defendant Moore told Plaintiff that she was tired of him questioning her about his medications.  Thereafter, Plaintiff was provided only some of his medications.  Defendant Moore told Plaintiff that some of his medications had been discontinued by Defendant Shelly.  At some unspecified time, presumably after his October 3, 2013 return to the jail, Defendants Moore and Agueros told Plaintiff that they were setting

him up "because he had become a pain in the ass."  Defendant Hagerman later increased Plaintiff's security level, causing Plaintiff to be placed in a cell without water or a toilet.

During the entire time period in question, Plaintiff was housed with prisoners from the Michigan Department of Corrections and, moreover, was never afforded out-of-cell exercise opportunities.  As a result of not receiving all his prescribed medications during the time period in question, Plaintiff experienced paranoia, vomiting, lack of sleep, hallucinations, hearing voices, and major depression.  Plaintiff's claims have since been dismissed except for the following: (1) from October 15, 2012, through October 7, 2013, Defendants Johnson, Moore, Agueros, Hagerman, and Shelly failed to provide Plaintiff his properly prescribed medications; and (2) from October 15, 2012, through October 7, 2013, Defendants Montimayor, Johnson, Moore, Agueros, Hagerman, and Shelly improperly deprived Plaintiff of out-of-cell exercise or recreational opportunities.  (Dkt. #5, 63). Defendants Montimayor, Johnson, Moore, Agueros, Hagerman, and Shelly now move to dismiss Plaintiff's remaining claims on the ground that he failed to properly exhaust his administrative remedies.


## LEGAL STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The fact that the evidence may be controlled or possessed by the moving party does not

change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof  faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same).  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

In support of their motion, Defendants have submitted two items of evidence: (1) a copy of the Ingham County Sheriff's Office Inmate Grievance Policy; and (2) a copy of the Inmate County Jail Inmate Guide. (Dkt. #59 at Exhibits 1-2). More notable, however, is the evidence that Defendants have failed to submit. Despite having the burden to establish that Plaintiff failed to exhaust his administrative remedies, Defendants have submitted absolutely no evidence that Plaintiff failed to utilize the jail's inmate grievance process. Defendants' assertion that "Plaintiff has clearly failed to exhaust his administrative remedies" is simply not supported by any evidence.

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (Dkt. #58), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  November 16, 2015                             /s/ Ellen S. Carmody
                                                     ELLEN S. CARMODY
                                                     United States Magistrate Judge